# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

LINDA THEBERGE, )
)
             Plaintiff, )
)
v. ) No. 2:17-04068-CV-RK
)
)
NANCY A. BERRYHILL, ACTING )
COMMISSIONER OF SSA; )
)
)
             Defendant. )

## ORDER

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying disability benefits. The decision of the Commissioner is **AFFIRMED**.

## Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *KKC v. Colvin*, 818 F.3d 364, 374 (8th Cir. 2016) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the [Commissioner's] conclusion." *Gann v. Berryhill*, 864 F.3d 947, 950 (8th Cir. 2017). In determining whether existing evidence is substantial, the Court takes into account "evidence that both supports and detracts from the ALJ's decision." *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2016) (quoting *Perkins v. Asture*, 648 F.3d 892, 897 (8thCir. 2011). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). The Court should "defer heavily to the findings and conclusions of the [Commissioner]." *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015) (quotation and citation omitted).

**Discussion**

By way of overview, the ALJ determined that Plaintiff suffers from the following severe impairments: mild peripheral sensory neuropathy, right shoulder bursitis, lumbar and cervical degenerative disc disease, mild chronic lumbar radiculopathy, and bilateral carpal tunnel syndrome. The ALJ also determined that Plaintiff has the following non-severe impairments: migraine headaches, gastroesophageal reflux disease, obstructive sleep apnea, left eye blindness, diabetes, and obesity. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work with limitations. The ALJ found that Plaintiff was unable to perform any past relevant work, and that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. The ALJ therefore found that Plaintiff was not disabled.

Plaintiff makes the following arguments on appeal: (1) whether the ALJ properly evaluated Plaintiff's credibility, (2) whether the ALJ properly weighed the treating physician's opinion, and (3) whether the ALJ properly weighed the state agency non-examining physician's opinion.

First, substantial evidence supports the ALJ's evaluation of Plaintiff's credibility. The ALJ found the objective medical evidence does not support the severity of Plaintiff's allegations. *See Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008) (an ALJ may consider the absence of an objective medical basis that would support the degree of severity of the plaintiff's subjective complaints in the credibility analysis). Medical evidence shows only mild lumbar and cervical degeneration with no evidence of nerve root involvement, mild peripheral sensory neuropathy, or mild bilateral carpel tunnel syndrome. Clinical examination findings show that Plaintiff was only mildly impaired with normal motor strength, straight leg raise, and gait. Further, Plaintiff does not require an assistive device for mobility. Plaintiff's medical treatment has been conservative in nature, and Plaintiff receives medication and epidural injections but has not been hospitalized for pain. *See Moore v. Astrue*, 572 F.3d 524, 525 (8th Cir. 2009) (an ALJ may consider a plaintiff's limited and conservative treatment in the credibility analysis). Plaintiff also reports pain improvement under Plaintiff's treatment regimen. *See Medhaug v. Astrue*, 578 F.3d

2

805, 816 (8th Cir. 2009) (an impairment cannot be considered disabling if it can be controlled through treatment or medication) (citing *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997)). Finally, Plaintiff's ability to complete numerous daily activities is inconsistent with Plaintiff's allegations of pain. Plaintiff is able to complete the following activities: care for her preschool-aged granddaughter two to three hours per day, maintain personal hygiene and grooming, prepare easy meals, complete light household chores, drive on occasion, shop online and in stores, manage finances, read literature, and watch movies. *See Davis v. Apfel*, 239 F.3d 962, 967 (8th Cir. 2001) (subjective complaints of pain may be discredited by performance of daily activities that are inconsistent with such complaints).

Second, the ALJ's evaluation of the medical opinion of treating neurologist Dr. Koch was proper. The ALJ afforded Dr. Koch's opinion little weight. An ALJ is entitled to discount the opinion of a treating physician in some circumstances. *See Bernard v. Colvin*, 774 F.3d 482, 487 (8th Cir. 2014) (the ALJ must evaluate the records as a whole; therefore, the opinions of treating physicians do not automatically control) ("A treating physician's opinion is given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence.") (citation omitted). Dr. Koch opined that Plaintiff would have a marked limitation in her ability to maintain attention and concentration and a moderate limitation in her ability to understand and remember detailed instructions. The ALJ discounted Dr. Koch's opinion and corresponding limitations because: (1) Dr. Koch is a specialist in neurology, but not in psychology, (2) Dr. Koch only treated Plaintiff once every four to six months, (3) Dr. Koch's Medical Source Statement (MSS) is in a conclusory "check box" format, (4) Dr. Koch's limitations are not supported by Dr. Koch's treatment notes,[1] (5) Dr. Koch's limitations are not fully supported by the medical evidence of record, and (6) Plaintiff's activities of daily living exceed the limitations Dr. Koch provided in his opinion. *See Lawson v. Colvin*, 807 F.3d 962, 965 (8th Cir. 2015) (in weighing a medical opinion, "an ALJ must also consider the length of the treatment relationship and the frequency of examinations") (citation omitted); *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012)

---

[1] While Dr. Koch's treatment notes indicated some abnormalities, they reflected the following: normal balance, muscle bulk and tone; normal or mildly limited upper extremity strength; only mildly limited upper extremity strength; mild bilateral handgrip weakness; mild left foot weakness; intact elbow flexion and extension; Plaintiff's testimony in June 2014 that tailbone pain was tolerable; Plaintiff had more energy and appeared less fatigued in December 2014; and Plaintiff looked better in April 2015.

3

("conclusory checkbox form has little evidentiary value when it 'cites no medical evidence, and provides little to no elaboration'") (citation omitted); *Reed v. Barnhart*, 399 F.3d 917, 921 (8th Cir. 2005) (it was proper for the ALJ to give little weight to an MSS where the physician's opinion was inconsistent with his treatment notes) (citing *Strongson v. Barnhart*, 361 F.3d 1066, 1071 (8th Cir. 2004)); *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001) (an ALJ may discount or reject a medical opinion when that opinion is inconsistent with the record as a whole); *Davis*, 239 F.3d at 967 (subjective complaints of pain may be discredited by performance of daily activities that are inconsistent with such complaints).

Third, the ALJ properly gave Dr. Smith's, the state agency non-examining physician, opinion some weight. *See Wildman v. Astrue*, 596 F.3d 959, 967 (8th Cir. 2010) ("when evaluating a nonexamining source's opinion, the ALJ 'evaluate[s] the degree to which these opinions consider all of the pertinent evidence in [the] claim, including opinions of treating and other examining sources'") (quoting 20 C.F.R. § 404.1527(d)(3) (other citations omitted)); *Papesh v. Colvin*, 786 F.3d 1126, 1133 (8th Cir. 2015) ("[B]ecause nonexamining sources have no examining or treating relationship . . . ,the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions") (quoting 20 C.F.R. § 404.1527(c)(3). The ALJ afforded Dr. Smith's opinion some weight but determined the medical evidence dictated Plaintiff is more limited than Dr. Smith opined; therefore, the ALJ incorporated these additional limitations in the RFC.

Upon consideration of the record as a whole, substantial evidence supports the ALJ's RFC. *See Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005) ("[t]he ALJ must assess a claimant's RFC based on all relevant, credible, evidence in the record").

### Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE ORDERED that the decision of the Commissioner is **AFFIRMED**.

s/ Roseann A. Ketchmark<br>
ROSEANN A. KETCHMARK, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED: May 3, 2018